# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| OSWALD NELSON, | ) |
| | ) |
| Plaintiff, | ) No. 3:11-cv-00514 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| DAVIDSON COUNTY SHERIFF'S OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## M E M O R A N D U M

The plaintiff is inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. (Docket No. 1). He brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Davidson County Sheriff's Office, "the Mental Health Department," and "the Medical Department." (Docket No. 1). The plaintiff seeks $3,000,000.00 in compensatory damages. (*Id*. at p. 5) The plaintiff also has submitted an application to proceed *in forma pauperis.* (Docket No. 3).

### I.    PLRA Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no

discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

II.     **Facts as alleged in the complaint**

The complaint alleges that, on September 11, 2010, the plaintiff arrived at the Davidson County Criminal Justice Center. He explained to the nurse that suffered from bi-polar disorder, anxiety, and paranoia, and stated that he would need medication for his conditions. According to the plaintiff, weeks passed before he received his medication. During that time, the plaintiff became paranoid, irritated, "couldn't sleep," and was "hearing voices." As a result, the plaintiff alleges that he fell off the top bunk and injured his hand and wrist.

Although the plaintiff received some medical attention for his injuries, the plaintiff subsequently "got into a fight" and further injured the same hand. However, the complaint alleges that the plaintiff was placed in a holding cell on "5th Floor S.M.U." and did not receive medical treatment for the new injuries for "almost a month." Someone told him that "she forgot that [he] was in S.M.U. after five or six sick calls and grievances." The complaint further alleges that the plaintiff was forced to remain in the top bunk despite his fear of falling again and sustaining further injuries. (Docket No 1-1 at pp. 1-2).

III.    **PLRA Screening of the plaintiff's complaint**

The court has reviewed the complaint and finds that it contains at least one claim which is not facially frivolous. 28 U.S.C. § 1915A. For example, delays in providing medical care, including care for mental health conditions, may give rise to a violation of a prisoner's rights under the Eighth Amendment. However, such delays do not rise to the level of a constitutional violation

unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)). Here, the plaintiff has alleged that the defendants' delay in providing treatment, such as prescribing medication for the plaintiff's mental health disorders, ordering x-rays, and treating his hand and wrist injuries, caused the plaintiff to suffer irritability, paranoia, hallucinations, sleeplessness, and physical injuries and pain due to the fall from the bunk bed. Although it is unclear whether the plaintiff ultimately can prevail on this claim, the court finds that the plaintiff has sufficiently stated a claim upon which relief can be granted under the Eighth Amendment of the United States Constitution through 42 U.S.C. § 1983.

However, as to the plaintiff's claims against the jail's medical and mental health departments, prison and jail medical staffs/departments are not "persons" within the meaning of § 1983. *Hix v. Tennessee Dep't of Corr.*, 196 Fed. Appx. 350, 355-356 (6th Cir. 2006)(collecting cases from other circuits). Accordingly, the plaintiff's claims against the "Mental Health Department" and the "Medical Department" must be dismissed.

## IV. Conclusion

For the reasons stated above, the court finds that the complaint states at least one actionable claim. 28 U.S.C. § 1915(e)(2). However, the plaintiff's claims against the "Mental Health Department" and the "Medical Department" fail to state claims upon which relief can be granted under § 1983. Accordingly, all claims against those defendants will be dismissed with prejudice.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge